UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KETZ & ASSOCIATES, INC., a Minnesota corporation, | Case No. 23-CV-3397 (PJS/EMB) |
| Plaintiff, | |
| v. | ORDER |
| CREATIVE KIDS FAR EAST, INC., a New York corporation; and BAP, LLC, a New York limited liability company, | |
| Defendants. | |

D. Clay Taylor and Nicholas Clay Taylor, TAYLOR FRICTON PLLC, for plaintiff.

Solomon Rosengarten and John L. Fossum, for defendants.

This matter is before the Court on defendants' (collectively, "BAP's") request to file a motion to reconsider the Court's August 8, 2025, partial denial of BAP's motion for an extension. For the reasons that follow, that request is denied.

Plaintiff Ketz & Associates, Inc. ("Ketz") moved for partial summary judgment on July 9, 2025. ECF No. 76. A hearing on the motion was set for August 20, 2025. ECF No. 81. Pursuant to the Local Rules of this District, BAP's response was due no later than July 30, 2025. Minn. LR 7.1(c)(2). BAP did not file a response, nor even seek an extension of the deadline.

On August 6, 2025—a week after the response was due—BAP filed a letter with the Court requesting an extension until August 8, 2025, citing unspecified health issues of counsel (Rosengarten).  ECF No. 83.  The Court granted BAP's request.

On the afternoon of August 8, 2025, BAP again moved for an extension.  ECF No. 85.  This time, BAP requested a deadline of August 18, 2025—two days before the hearing—to file a response.  BAP stated that counsel's health issues continued and consequently another lawyer had been contacted to prepare the brief.  Because the requested extension would require a continuance of the hearing—and the Court's packed calendar made an accommodation of a such a continuance difficult—the Court denied BAP's request in part.  Instead of August 18, the Court allowed BAP until August 11, 2025 to file a response.  ECF No. 86.

BAP did not file its response by August 11, 2025, or otherwise communicate with the Court.  Four days later, on August 15, 2025, BAP asked the Court for permission to move for reconsideration of the partial denial of BAP's requested extension.  ECF No. 88.  BAP argues that the Court abused its discretion by (partially) denying BAP's August 8 motion because counsel's lingering (and still unidentified) health issues

constituted "excusable neglect" justifying an extension.[1]  *See* Fed. R. Civ. P. 6(b)(1)(B).  The Court disagrees.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect."  *Id.*  In determining whether a party's neglect is excusable, a court considers "the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in good faith."  *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 854–55 (8th Cir. 2021) (citation omitted).  The inquiry "is at bottom an equitable" one.  *Id.* at 854 (citation omitted).

BAP has repeatedly blown past deadlines without communication to the Court or to the opposing party.  The Court granted BAP's initial motion for an extension, despite the fact that counsel did not explain why his purported health issues caused him to file a motion for an extension an *entire week* after the deadline had passed.  Counsel describes his health issues as chronic and "on and off," ECF No. 85, but has not offered any details that would help the Court understand what prevented counsel from notifying the Court and the opposing party about a likely delay at any point prior to the

---

[1]BAP also argues that the full extension should have been granted because the August 11 deadline would have "entailed working on the weekend."  ECF No. 88.  Ironically, BAP filed its request to move for reconsideration at 1:12 pm on Friday August 15, which required this Court to work over the weekend to analyze the merits of BAP's last-minute request.

July 30 deadline. Nevertheless, the Court granted BAP's first motion for an extension because the additional two days requested allowed adequate time for Ketz to reply and for the Court to prepare for the hearing.

BAP waited until the afternoon of August 8 to notify the Court that counsel would not be able to complete the response by the deadline that BAP itself had requested. In lieu of a response brief, BAP requested an additional ten days to file because another lawyer had agreed to complete the brief. BAP has not identified this new lawyer, nor stated whether he or she will be appearing in this case. (No new lawyer has made an appearance.) Counsel has also not explained why this second request for an extension was not foreseeable two days earlier (when he asked for an extension to August 8).

Even though any extension would leave Ketz a narrow window to file a reply and the Court little time to prepare for the hearing, the Court still allowed BAP an additional three days to file a response. Once again, BAP failed to either file a response or move for further relief in a timely manner. Instead, BAP waited a full week to ask for a third extension—another wholly unexplained delay.

This is not the first time in this litigation that BAP and its counsel have been tardy without proper notice. For example, on Monday, April 7, 2025, BAP's corporate representative and counsel showed up to the scheduled 9:00 am deposition two hours

late, after giving opposing counsel just a half an hour's notice—even though BAP and counsel knew as early as the previous Friday that counsel had a conflict and would be unable to attend the deposition on time.  ECF No. 79 Ex. 4 at 4:8–5:22.

BAP has now asked the Court for three extensions over the course of nearly three weeks.  Although counsel has vaguely referred to (still unidentified) health issues, those issues do not explain counsel's repeated failure to meet extended deadlines or provide reasonable notice of his inability to do so.  Due to those repeated delays, the hearing cannot go forward as scheduled.

Further, as the Court has already explained, the Court has extremely limited availability to reschedule a hearing on Ketz's motion for summary judgment.  Thus, Ketz would be prejudiced twice over:  first by BAP's dilatory conduct buying BAP nearly double the standard time to research and draft a responsive brief, and second by a lengthy delay (likely several months) in having its motion heard.

On top of that, the Court has already expended a not insignificant amount of time and resources reviewing Ketz's timely filed papers in order to assess BAP's extension requests.[2]  Finally, given BAP's persistent untimeliness and lack of reasonable

---

[2]After reviewing Ketz's motion, the Court finds the issues and record in this case to be fairly straightforward, such that a response should not require an inordinate amount of time or effort to draft.

notice, the Court cannot conclude that these delays were the product of good faith efforts.

In sum, the Court finds no good cause or excusable neglect to justify yet another extension of time and a continuance of the hearing. The Court will therefore take Ketz's motion on the papers and rule based on the record presently before it.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendants' request to file a motion to reconsider [ECF No. 88] is DENIED.

Dated: August 19, 2025

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court